**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

HARRIET CURRY,

                     Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

                     Defendant.

                        1:15-cv-07515-NLH

                        **OPINION**

**APPEARANCES:**

RICHARD LOWELL FRANKEL
BROSS & FRANKEL, PA
102 BROWNING LANE, BLDG C-1
CHERRY HILL, NJ 08003
     On behalf of Plaintiff

DINA WHITE GRIFFIN
RACHEL E. LICAUSI
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
PHILADELPHIA, PA 19123
     On behalf of Defendant

**HILLMAN**, District Judge

     This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("Social Security benefits") under Title II and Title XVI of the Social Security Act. 42 U.S.C. § 401, et seq. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred

in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since her alleged onset date of disability, originally October 1, 2002, but amended during the administrative process to July 27, 2006. For the reasons stated below, this Court will reverse that decision and remand the matter for further proceedings.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, Harriett Curry, protectively filed an application for benefits pursuant to Titles II and XVI, of the Social Security Act on April 20, 2010, alleging an onset date of disability beginning October 1, 2002. The claim was denied on October 6, 2010. A Request for Reconsideration was timely submitted on December 4, 2010, and the claim was denied again January 3, 2011.

A written Request for Hearing before an Administrative Law Judge ("ALJ") was filed on March 9, 2011. Plaintiff, represented by different counsel, appeared at the Pennsauken hearing office for a hearing that was held before an ALJ on March 2, 2012. At the hearing, Plaintiff amended her onset date to July 27, 2006.

On March 19, 2012, the ALJ issued an unfavorable decision. The ALJ determined that despite Plaintiff's severe impairments

2

of disorders of the cervical and lumbar spine and allergic rhinitis, Plaintiff retained the residual functional capacity to perform her past work as an administrative assistant. Thereafter, Plaintiff filed a Request for Review of hearing Decision with the Appeals Council, which subsequently issued an order remanding the case to the ALJ.  Represented by her current counsel, Plaintiff appeared and testified at a second hearing before ALJ Mandry on March 28, 2014.

On May 27, 2014, the ALJ issued a second unfavorable decision.  The ALJ came to the same ultimate conclusion as her previous decision.  Plaintiff filed a request for review with the Appeals Council on July 31, 2014.  The Appeals Council issued an Order, dated August 11, 2015, wherein the Request for Review was denied.  The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied the Plaintiff's Request for Review on August 11, 2015. Plaintiff thereafter commenced the present action, requesting judicial review pursuant to 42 U.S.C. § 405(g).

## II.  DISCUSSION

### A.    Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's

application for Disability Insurance Benefits.  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  Substantial evidence means more than "a mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984).  "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th

Cir. 1988) (quoting <u>Universal Camera Corp. V. NLRB</u>, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." <u>Ogden v. Bowen</u>, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing <u>Brewster v. Heckler</u>, 786 F.2d 581 (3d Cir. 1986)). The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." <u>Burnett v. Comm'r of Soc. Sec. Admin.</u>, 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him. <u>Id.</u> (citing <u>Van Horn v. Schweiker</u>, 717 F.2d 871, 873 (3d Cir. 1983)); <u>Cotter v. Harris</u>, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

<u>Gober v. Matthews</u>, 574 F.2d 772, 776 (3d Cir. 1978). Although

an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards.  Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

    **B.**   **Standard for Disability Insurance Benefits**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a Plaintiff qualifies as

disabled only if his physical or mental impairments are of such
severity that he is not only unable to perform his past relevant
work, but cannot, given his age, education, and work experience,
engage in any other type of substantial gainful work which
exists in the national economy, regardless of whether such work
exists in the immediate area in which he lives, or whether a
specific job vacancy exists for him, or whether he would be
hired if he applied for work.  42 U.S.C. § 1382c(a)(3)(B)
(emphasis added).

The Commissioner has promulgated regulations for
determining disability that require application of a five-step
sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step
process is summarized as follows:

1.  If the claimant currently is engaged in substantial
gainful employment, he will be found "not disabled."

2.  If the claimant does not suffer from a "severe
impairment," he will be found "not disabled."

3.  If the severe impairment meets or equals a listed
impairment in 20 C.F.R. Part 404, Subpart P, Appendix
1 and has lasted or is expected to last for a
continuous period of at least twelve months, the
claimant will be found "disabled."

4.  If the claimant can still perform work he has done in
the past ("past relevant work") despite the severe
impairment, he will be found "not disabled."

5.  Finally, the Commissioner will consider the claimant's
ability to perform work ("residual functional

capacity"), age, education, and past work experience
to determine whether or not he is capable of
performing other work which exists in the national
economy.  If he is incapable, he will be found
"disabled."  If he is capable, he will be found "not
disabled."

20 C.F.R. § 404.1520(b)-(f).  Entitlement to benefits is
therefore dependent upon a finding that the claimant is
incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof.
See Wallace v. Secretary of Health & Human Servs., 722 F.2d
1150, 1153 (3d Cir. 1983).  In the first four steps of the
analysis, the burden is on the claimant to prove every element
of his claim by a preponderance of the evidence.  See id.  In
the final step, the Commissioner bears the burden of proving
that work is available for the Plaintiff: "Once a claimant has
proved that he is unable to perform his former job, the burden
shifts to the Commissioner to prove that there is some other
kind of substantial gainful employment he is able to perform."
Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v.
Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

C.  **Analysis**

At step one, the ALJ found that Plaintiff had not engaged
in substantial gainful activity since the alleged onset of

disability.  At step two, the ALJ found that Plaintiff's impairment of disorders of the cervical and lumbar spine and allergic rhinitis were severe.  At step three the ALJ determined that Plaintiff's severe impairment or her severe impairment in combination with her other impairments did not equal the severity of one of the listed impairments.  For step four, the ALJ determined that Plaintiff could perform her past work as an administrative assistant, which job is of a light exertional level and exists in sufficient numbers in the national economy, and Plaintiff was therefore not disabled.

Plaintiff presents six areas in which the ALJ erred in her determination that Plaintiff is not disabled:

1. The ALJ failed to follow the Appeals Council Order of Remand by failing to allow Plaintiff to offer testimony on her physical limitations, which she then found less favorably than in the first decision.

2. The ALJ erred in finding Plaintiff's mental health impairments were not severe at Step Two and erred in failing to find any related limitations whatsoever in her formulation of RFC.

3. The ALJ erred in failing to adequately address the expert and lay testimony that contradicts her conclusion.

4. The ALJ erred in rejecting her prior cervical spine limitations, and withdrawing her prior adoption of the ME's opinions in her formulation of RFC.

5. The ALJ erred by failing to pose a complete hypothetical to a vocational expert.

      6. The ALJ erred by stating that the Plaintiff could not perform her past-relevant work.

For the reasons set forth below, the Court finds that the ALJ erred by not considering Plaintiff's mental impairments, which were not considered "severe" at step two, in combination with her physical limitations, and how both Plaintiff's mental and physical limitations impacted her residual functional capacity to perform her past work as an administrative assistant.[1]  Because that finding requires a complete reassessment of step four and potentially the need to assess step five, a step which the ALJ did not consider in either of her decisions, the Court will not opine on the other errors that Plaintiff claims the ALJ committed.

During the ALJ's step two assessment of Plaintiff's mental impairments, the ALJ concluded that Plaintiff's mental impairments of generalized anxiety, depression, and medication side effects were not severe.  The ALJ set forth Plaintiff's treatment records and noted that Plaintiff only suffered from mild to moderate symptoms during the relevant time period.  (R.

---

[1] Even though Plaintiff argues that the ALJ erred by not considering her mental impairments to be "severe" at step two, the Court finds that the ALJ's decision on this issue is supported by substantial evidence.  The rationale for this conclusion is discussed in the Court's analysis of how the ALJ erred on Plaintiff's RFC assessment.

at 19-21.)  Even though step two is not a high hurdle for an applicant, she must demonstrate something beyond "a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." McCrea v. Commissioner of Social Sec., 370 F.3d 357, 360 (3d Cir. 2004) (citing SSR 85-28).  On this issue, the Court is satisfied that the ALJ's decision that Plaintiff's mental impairments were not "severe" is supported by substantial evidence.  See 20 C.F.R. § 404.1520(c) (if a mental impairment does not "significantly limit[] your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled"); 20 C.F.R. § 404.1521 ("An impairment . . . is not severe if it does not significantly limit your . . . mental ability to do basic work activities," such as "[u]nderstanding, carrying out, and remembering simple instructions," "[u]se of judgment," "[r]esponding appropriately to supervision, co-workers and usual work situations," and "[d]ealing with changes in a routine work setting.").

This finding, however, does not eliminate Plaintiff's mental impairments from consideration of Plaintiff's overall ability to perform past work.  The ALJ is required to assess all

of Plaintiff's impairments – even ones that are not "severe" – in combination when making the RFC determination.  See 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity.").

After determining that Plaintiff's mental impairments were not "severe" at step two (see R. at 19-22), the ALJ did not mention Plaintiff's mental impairments for the remainder of her assessment of Plaintiff's RFC (see R. at 22-29).  Instead, the ALJ's RFC assessment considered the medical records and Plaintiff's testimony solely with regard to Plaintiff's neck and back impairments, after which assessment the ALJ concluded that Plaintiff retained the RFC to perform light work.[2]  The only work

---

[2] See 20 C.F.R. § 404.1567 ("Physical exertion requirements. To determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy. These terms have the same meaning as they have in the Dictionary of Occupational Titles, published by the Department of Labor. In making disability determinations under this subpart, we use the following definitions:

(a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in

restrictions the ALJ placed on Plaintiff were related to
Plaintiff's neck and back impairments:  limitations on overhead
reaching, manipulations, bending, stooping, crouching, crawling,
kneeling, exposure to dust, odors, humidity and temperature
extremes.  (R. at 22.)  The ALJ then posed a hypothetical to a
vocational expert ("VE"), asking him whether a person with
Plaintiff's RFC, which was based only on Plaintiff's physical
limitations, could perform an administrative assistant position,
which is considered a skilled sedentary job.[3]  (R. at 29.)  The

_____

carrying out job duties. Jobs are sedentary if walking and
standing are required occasionally and other sedentary criteria
are met.

        (b) Light work. Light work involves lifting no more than 20
pounds at a time with frequent lifting or carrying of objects
weighing up to 10 pounds. Even though the weight lifted may be
very little, a job is in this category when it requires a good
deal of walking or standing, or when it involves sitting most of
the time with some pushing and pulling of arm or leg controls.
To be considered capable of performing a full or wide range of
light work, you must have the ability to do substantially all of
these activities. If someone can do light work, we determine
that he or she can also do sedentary work, unless there are
additional limiting factors such as loss of fine dexterity or
inability to sit for long periods of time. . . .").

[3] Plaintiff argues that the ALJ erred in her step four analysis
because even though the ALJ states several times in the decision
that Plaintiff retained the RFC to perform past work, the ALJ's
recitation of the VE's testimony provides contrary statements:
"I asked the vocational expert if a person with the claimant's
age, education, vocational background, and above assessed
residual functional capacity could perform the claimant's past
relevant work, and he responded that the person could not.  We

13

ALJ ultimately concluded that Plaintiff was capable of working as an administrative assistant, a job she had previously performed for 31 years, because that job does not require the performance of work-related activities precluded by Plaintiff's RFC.  (R. at 29.)

Although the ALJ stated at step four that she considered "all symptoms" (R. at 22) and made passing reference to the medical evidence regarding mental health (R. at 23), nowhere in the ALJ's RFC assessment does she specifically consider or address the impact of Plaintiff's mental impairments on her ability to work as an administrative assistant.  (R. at 22-29.) In the step two analysis, the ALJ noted that Plaintiff suffered from mild to moderate mental impairments.  (R. at 19-22.)  Even though those mental impairments were not considered "severe," mild and moderate mental impairments, as opposed to no mental impairments, presumably have an impact on Plaintiff's overall RFC.  The impact may be de minimus, or only require minor modifications of Plaintiff's RFC, with the end result being that

---

agree, and accept this testimony.  Accordingly, the claimant would be unable to perform her past relevant work."  (R. at 29.) Even though it appears that there are two typographical errors in these sentences, because the matter will be remanded for a reassessment of Plaintiff's RFC, the Court does not need to opine on the significance of the error.

Plaintiff is still capable of performing work at the light
exertional level.  The Court and Plaintiff, however, are left to
guess if that would truly be the result.

The Court cannot weigh the evidence or substitute its
conclusions for those of the ALJ, or independently determine the
impact of Plaintiff's mental impairments in combination with her
physical impairments on her RFC.  Without the ALJ performing
that analysis, the Court also cannot determine whether the ALJ's
decision is supported by substantial evidence.  Consequently,
the matter must be remanded for further proceedings so that the
ALJ may properly consider how Plaintiff's mental impairments
affect her RFC and her capability to perform past relevant work.
Cf. Ortiz v. Colvin, --- F. Supp. 3d ---, 2017 WL 39556, at *8
(D.N.J. Jan. 4, 2017) (reversing and remanding ALJ decision
because the ALJ did not consider the plaintiff's mental
impairments in combination with her other impairments when
performing the RFC assessment, and finding "the reference that
Plaintiff can perform simple and repetitive tasks does not
specifically convey her mental limitations and greater
specificity is required" (citing Burns v. Barnhart, 312 F.3d
113, 122 (3d Cir. 2002) (quotations omitted)); Melendez v.
Colvin, 2016 WL 4764819, at *5 (D.N.J. Sept. 12, 2016) (finding

that if the court were considering the physical limitations alone, it would affirm, but reversing and remanding because the RFC did not appropriately account for the plaintiff's mental impairments in combination with the physical impairments).

## III. Conclusion

For the reasons expressed above, the ALJ's determination that Plaintiff was not totally disabled because Plaintiff retained the ability to perform past relevant work is not supported by substantial evidence.  The decision of the ALJ is reversed and remanded for further proceedings consistent with this Opinion.

An accompanying Order will be issued.


Date:  March 2, 2017                    s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

16