**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

HARRIET CURRY,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

1:15-cv-7515-NLH

**OPINION AND ORDER**

**APPEARANCES:**

RICHARD LOWELL FRANKEL
BROSS & FRANKEL, PA
725 KENILWORTH AVE
CHERRY HILL, NJ 08002

*On behalf of Plaintiff*

DINA WHITE GRIFFIN
RACHEL E. LICAUSI
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
6401 SECURITY BLVD
BALTIMORE, MD 21235

*On behalf of Defendant*

**HILLMAN, District Judge**

WHEREAS, this matter comes before the Court pursuant to the Social Security Act, 42 U.S.C. § 406(b), to review Richard Lowell Frankel, Esquire's (Counsel of Plaintiff, "Counsel") Motion for Attorney's Fees; and

WHEREAS, on June 30, 2017, Defendant filed a stipulated consent order for Payment of Equal Access to Justice Act ("EAJA") Fees allowing Counsel a fee award under the EAJA in the amount of $5,649.59 in attorney's fees and $420.22 in costs in full satisfaction of Counsel's EAJA (ECF 24); and

WHEREAS, on June 2, 2023, the Consent Order was approved by this Court (ECF 26); and

WHEREAS, on May 18, 2023, Counsel filed a motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), in the amount of $44,158.50 (ECF 25); and

WHEREAS, on June 2, 2023, Social Security sought an extension of time to respond to the motion, noting that due to certain incomplete notices it could not yet determine the amount of past-due benefits (ECF 27); and

WHEREAS, on June 5, 2023, this Court granted the request for an extension (ECF 28); and

WHEREAS, on August 2, 2023, Counsel filed an Amended Motion for Attorney's Fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), in the amount of $30,735.75 (ECF 30); and

WHEREAS, the amount requested was adjusted based on a corrected Notice of Award (ECF 30-2 at 1); and

WHEREAS, the Commissioner responded on August 28, 2023, noting that it neither supported nor opposed the request for attorney's fees (ECF 32); and

WHEREAS, the attorney fee provision of the Social Security Act provides, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which claimant is entitled by reason of such judgment," 42 U.S.C. § 406(b)(1); and

WHEREAS, Counsel has certified that a total of 28.7 hours were expended on Plaintiff's civil action in federal court (ECF 30-2 at 3); and

WHEREAS, Counsel's advocacy led to a positive result for Plaintiff (Id. at 2-3); and

WHEREAS, Plaintiff contractually agreed to pay the contingent fee now sought by Counsel (Id. at 2); and

WHEREAS, on remand Plaintiff was awarded $122,943.00 in past-due benefits and ongoing benefits in the amount of $1,401.90 (Id. at 2); and

WHEREAS, Counsel has certified that it never received EAJA fees which the Court only recently awarded on June 2, 2023 (Id.); and

WHEREAS, the Court notes that when determining whether an amount is reasonable, courts in the Third Circuit have considered the amount of time spent on the case, the result

achieved, the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding, see Leak v. Commissioner of Social Security, No. 11-51, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017) (citations omitted); and

WHEREAS, the Court further notes that a higher contingency fee is reasonable given the risk of non-recovery if Plaintiff's claims were unsuccessful, see id.; and

WHEREAS, the Court finds that the following weighs in favor of the requested and contractually agreed-upon 25 percent contingency fee:

1. The fee requested would result in an imputed effective hourly rate of $1,070.93 which reflects the nature of contingent fees and the risk of non-recovery; and

2. The $1,070.93 imputed hourly rate, while on the high end, is not inconsistent with previously approved rates in contingency fee cases which carry a risk of non-recovery, especially where, as here, Counsel has worked diligently for almost 13 years on this matter (Id. at 4). See Gonzales v. Comm'r of Soc. Sec., No. 10-3735, 2017 WL 6513349, at *2 (D.N.J. Dec. 19, 2017) (approving an imputed hourly rate of $992.80); Mignone v. Comm'r of Soc. Sec., No. 13-6054, 2018 WL 259949, at

*2 (D.N.J. Jan. 2, 2018) (approving an imputed hourly rate of $850.14); Leak v. Comm'r of Soc. Sec., No. 11-51, 2017 WL 5513191, at *1 (approving an imputed hourly rate of $745.24); see also Wilson v. Astrue, 622 F. Supp. 2d 132, 134, 137 (D. Del. 2008) (approving an hourly rate of $1,155.59 because the hourly rate deserved less weight where the case was difficult and counsel was highly skilled in social security representation); and

3. Counsel has certified that he has not received an award of EAJA fees, which means that the overall fees retained by Counsel would be within the boundaries of reasonableness, see Perez v. Barnhart, No. 02-3779, 2006 WL 781899 (E.D. Pa. 2006); and

4. There is no evidence that Counsel delayed proceedings to increase the fees accrued in this matter; and

5. Counsel was able to convince the Administration via briefing on remand that the Plaintiff was owed retroactive benefits, and that Plaintiff should receive future benefit payments, provided Plaintiff remains disabled (ECF 30-2 at 2); and

6. Plaintiff agreed to the 25 percent contingency fee (Id.); and

WHEREAS, the Court finds therefore that the foregoing factors show that the 25 percent contingency expressly permitted by § 406(b) is reasonable under these circumstances;

Accordingly,

IT IS on this 6th day of October, 2023

ORDERED that the Clerk shall reopen the case and shall make a new and separate docket entry reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Counsel remit to Plaintiff any amount received in EAJA fees pursuant to this Court's previous award on June 2, 2023, if any; and it is further

ORDERED that Counsel's Motion for Attorney's Fees Pursuant to the Social Security Act be, and the same hereby is, GRANTED, and Counsel shall be awarded $30,735.75 in attorney's fees; and it is finally

ORDERED that the Clerk shall re-close the file and make a new and separate docket entry reading "CIVIL CASE TERMINATED."

s/ Noel L. Hillman
At Camden, New Jersey NOEL L. HILLMAN, U.S.D.J.